# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BARBARA ANN CHASE,

    Plaintiff,

v.      Case No.: SAG-17-1823

COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

## MEMORANDUM OPINION

On July 4, 2017, Plaintiff Barbara Ann Chase ("Ms. Chase") petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability benefits. [ECF No. 1]. Currently pending is the Commissioner's Motion to Dismiss Ms. Chase's Complaint. [ECF No. 13]. I have reviewed that Motion, Ms. Chase's Opposition, and the Commissioner's Reply. [ECF Nos. 13, 14, 15]. I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

On April 28, 2017, the Appeals Council mailed Ms. Chase notice of its decision denying her request for review of an adverse decision issued by an Administrative Law Judge, regarding her claim for benefits. [ECF No. 14-1]. That notice also advised Ms. Chase of her statutory right to commence a civil action within sixty days from receipt of the notice. *Id. See* 42 U.S.C. §§ 405(g)-(h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Ms. Chase therefore had to file her civil action on or

before July 2, 2017.  Instead, Ms. Chase filed her complaint two days late, on July 4, 2017. [ECF No. 1].

Ms. Chase's attorney, Howard D. Olinsky, Esq., filed a declaration alleging that his office received the Commissioner's denial letter on May 5, 2017, citing a date stamp on that document to corroborate that assertion. [ECF No. 14-2]. It is unclear from the record presented to this Court, however, whether Mr. Olinsky served as Ms. Chase's counsel at the administrative level. The notice of Appeals Council action was sent directly to Ms. Chase at her home address, and was copied to a disability attorney named Bradford Myler in Lehi, Utah. [ECF No. 14-1]. The date when Mr. Olinsky's office first received the denial letter cannot be determinative if he was not counsel of record for Ms. Chase. Moreover, even if Mr. Olinsky had been counsel of record and had received the denial letter directly from the Commissioner on May 5, 2017, Ms. Chase has not submitted any evidence regarding the date that she personally received her copy of the letter. None of the cases Ms. Chase cites suggests that the limitations period runs exclusively from the date counsel receives notice. To the contrary, courts have held either that the operative date is the date the letter is received personally by the claimant, *see, e.g.*, *Cook v. Commissioner of Soc. Sec.,* 480 F.3d 432, 436 (6th Cir. 2007); *Franks v. Apfel,* Civil No. 98-15948, 1999 WL 362901, at *1 (9th Cir. May 20, 1999); *Flores v. Sullivan,* 945 F.2d 109, 111-12 (5th Cir. 1991), or the date on which the letter is received by the claimant or her attorney, whichever occurs first. *See, e.g.*, *Bess v. Barnhart,* 337 F.3d 988, 990 (8th Cir. 2003). Here, with no evidence that Ms. Chase personally received the letter outside of the standard five-day period for mailing, there is no basis for this Court to alter the standard limitations period.

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of*

*Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). Ms. Chase has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Ms. Chase filed her case after the statutory limitations period had run. Accordingly, the Commissioner's Motion to Dismiss is granted.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Motion to Dismiss, (ECF No. 13), is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated: November 13, 2017                                /s/
                                                                     Stephanie A. Gallagher
                                                                     United States Magistrate Judge